# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN
# MADISON DIVISION

| | |
|---|---|
| Peter Radke<br><br>　　　Plaintiff,<br><br>v.<br><br>Commercial Recovery Systems, Inc.,<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## **PARTIES**

1. Plaintiff is a natural person who resided in Wisconsin Dells, WI at all times relevant to this action.

2. Defendant is a Texas Corporation that maintained its principal place of business in Dallas, TX at all times relevant to this action.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## **STATEMENT OF FACTS**

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to a creditor, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around November 10, 2010, Plaintiff filed for chapter 7 bankruptcy through Plaintiff's attorneys.

14. On or around February 17, 2011, Plaintiff's debts were discharged in the chapter 7 bankruptcy.

15. During the month of February 2013, Defendant telephoned Plaintiff several times and left several voice messages.

16. During these communications, Defendant threatened to charge Plaintiff with fraud.

17. At the time of these communications, Defendant had neither the intent nor ability to charge Plaintiff with fraud.

18. During these communications, Defendant falsely represented itself as attorneys or a law firm by referring to Defendant's "client," providing Plaintiff with a false case number, and threatening to sue Plaintiff.

19. At the time of the above communication, Defendant had neither the intent nor the ability to sue Plaintiff.

20. During these communications, Defendant failed to meaningfully identify itself by its true business name and failed to identify itself as debt collector calling in connection with the collection of the debt.

21. On or around April 13, 24, 26 and May 20, 2013, Defendant telephoned Plaintiff in connection with the collection of the debt.

22. During this communication, Plaintiff explained that Plaintiff was represented by an attorney with respect to the debt, that Plaintiff's debts had been discharged in bankruptcy, and provided Plaintiff's attorney's contact information as well as Plaintiff's bankruptcy case number.

23. Despite the above notice, Defendant telephoned Plaintiff in connection with the collection of the debt on or around April 15, twice on April 18, 24, 26, and May 20 and 21 of 2013.

24. Defendant caused Plaintiff emotional distress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

27. In support hereof, Plaintiff incorporates paragraphs 13-23 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

29. In support hereof, Plaintiff incorporates paragraphs 13-23 as if specifically stated herein.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

31. In support hereof, Plaintiff incorporates paragraphs 13-23 as if specifically stated herein.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

33. In support hereof, Plaintiff incorporates paragraphs 13-23 as if specifically stated herein.

### COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Defendant violated 15 U.S.C. §1692e11 by failing to identify itself as a debt collector calling in connection with the collection of the dent.

35. In support hereof, Plaintiff incorporates paragraph 20 as if specifically stated herein.

### JURY DEMAND

36. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: s/Colin Banyon
    Colin Banyon
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Fax: 312-822-1064
    Email: CBanyon@fairdebthelpers.com